UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 15-61673-CIV-BLOOM/VALLE

**CONSENT CASE**

ORIA ESPINOSA NUNEZ )
 )
      Plaintiff, )
vs. )
 )
NICE CAR, INC. )
STEVEN KERZER )
 )
      Defendants )
 )

**JOINT MOTION FOR APPROVAL OF PARTIES'
SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE**

Plaintiff, Oria Espinosa Nunez and Defendants Nice Car Inc. and Steven Kerzer, by and through undersigned Counsel, file this Joint Motion for Approval of the Parties' Settlement Agreement, and Dismissal with Prejudice and respectfully state as follows:

1. Plaintiff and Defendants have reached an amicable resolution in this matter. As the agreement calls for strict confidentiality, a copy of said agreement has been emailed to chambers for review and approval.

2. Plaintiff filed a complaint [D.E. 1] under the Fair Labor Standards Act (FLSA) whereby Plaintiff alleged that she was not properly paid her overtime wages.

3. Defendants denied Plaintiff's claim as Defendants contend that Plaintiff was an exempt, salaried employee and therefore not entitled to overtime wages pursuant to the Fair Labor Standards Act. Specifically, Defendants contend that Plaintiff falls within the administrative exemption to the Fair Labor Standards Act. 29 U.S.C. § 213(a)(1) and 29 C.F.R. § 541.200-203.

4. However, in order to avoid the uncertainties of litigation, and while continuing to deny any liability under the claims asserted by Plaintiff, Defendants made an economic business decision to amicably resolve this matter.

5. As the conditions of the settlement agreement are extended over a period of time, the parties request that as a condition for dismissal, the Court retain jurisdiction to enforce the terms of the settlement agreement. The effectiveness of this stipulation of dismissal is conditioned upon the Court's entry of an order retaining jurisdiction to enforce the terms of the settlement agreement reached in this case. See *Anago Franchising, Inc. v. Shaz, LLC*, 677 F. 3d 1272, 1280 (11th Cir. 2012).

## **Memorandum of Law**

In the Eleventh Circuit, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.; see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).

In *Lynn's Food Stores, Inc.,* the employer attempted to circumvent the Department of Labor (DOL) findings as to the amount of back wages and liquidated damages owed to employees. After failing to reach a settlement, the employer attempted to offer employees a total of $1,000 to be divided among them on a pro rata basis. Fourteen employees accepted their pro rata share even though the total amount of damages exceeded $10,000. *Lynn's Food Stores, Inc.* at 1352. In coaxing the employees to accept their pro rata share of $1,000, the employer "representative

repeatedly insinuated that the employees were not really entitled to any back wages, much less the amounts calculated by the Department of Labor" and stated ""Honestly, most everyone returned the checks…"" and only the malcontents would accept wages under the FLSA. *Lynn's Food Stores, Inc.* at 1354.

The Eleventh Circuit went on to state that when an employee initiates a private cause of action, there is "some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute." *Lynn's Food Stores, Inc.* at 1354. Therefore, the Eleventh Circuit reasoned, that when a party is represented by counsel it is likely that there is a reasonable compromise and the agreement should be approved.

> Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc.,* 679 F.2d at 1354.

In the present case, Defendants contest Plaintiff's claim for the reasons outlined above. However, in order to avoid the uncertainties of litigation, Defendants made an economic business decision to amicably resolve this matter.

Therefore, based on Defendants' contestation, the amount of wages, if any, are in dispute. Therefore, "in order to promote the policy of encouraging settlement of litigation" the parties request that the Court approve the Parties settlement agreement.

It is the Parties' contention that in light of the issues in dispute, the amount received by Plaintiff in this settlement is a fair and reasonable settlement and should be approved by this Court. Had the case gone forward, it is possible that Plaintiff could have received far less, or nothing, and

therefore is receiving more pursuant to the settlement agreement. Furthermore, pursuant Fed. R. Civ. Proc. 41(a)(1)(ii) the parties have submitted a proposed text of the order approving settlement and dismissal with prejudice and agree each party shall bear its own costs and attorney's fees, except as otherwise stated in the Settlement Agreement.

As the conditions of the settlement agreement are extended over a period of time, the parties request that the Court retain jurisdiction to enforce the terms of the settlement agreement. The effectiveness of this stipulation of dismissal is conditioned upon the Court's entry of an order retaining jurisdiction to enforce the terms of the settlement agreement reached in this case. See *Anago Franchising, Inc. v. Shaz, LLC*, 677 F. 3d 1272, 1280 (11th Cir. 2012).

WHEREFORE, the Parties respectfully request that the Court enter an Order: (1) approving the terms of the settlement agreement and (2) dismissing this action with prejudice against Defendants, with the Court to maintain jurisdiction to enforce the terms of the settlement agreement.

Respectfully Submitted,

| | |
|---|---|
| Dated: 10/23/15 | Dated: 10/23/15 |
| Koz Law P.A. | Daniel T. Feld P.A. |
| Attorney for Plaintiff | Attorney for Defendants |
| 320 SE 9th Street | 20801 Biscayne Blvd. Suite 403 |
| Fort Lauderdale, Florida 33316 | Aventura, Florida 33180 |
| Tel: (786) 924-9929 | Tel: (786) 923-5899 |
| Email: ekoz@kozlawfirm.com | Email: DanielFeld.Esq@gmail.com |
| By: /s/ *Elliot Kozolchyk* | By: /s/ *Daniel T. Feld* |
| Elliot Kozolchyk, Esq. | Daniel T. Feld Esq. |
| Florida Bar Number: 74791 | Florida Bar Number: 0037013 |