UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-61673-VALLE

CONSENT CASE

ORIA ESPINOSA NUNEZ,

      Plaintiff,

      v.

NICE CAR, INC. and
STEVEN KERZER,

      Defendants.

_____/

ORDER APPROVING SETTLEMENT
AGREEMENT AND DISMISSING CASE WITH PREJUDICE

THIS MATTER is before the Court on the parties' Joint Motion for Approval of Parties' Settlement Agreement and Dismissal with Prejudice (ECF No. 13) (the "Joint Motion"). Pursuant to the parties' consent, this case is before the undersigned for all proceedings, including trial and entry of final judgment. *See* (ECF Nos. 9 and 10).

This is a Fair Labor Standards Act ("FLSA")[1] case in which Plaintiff has sued Defendants to recover alleged unpaid overtime compensation. *See* (ECF No. 1). On October 23, 2015, the parties filed the instant Joint Motion seeking the Court's approval of a written Settlement Agreement under 29 U.S.C. § 216(b). *See* (ECF No. 13).

Before a court may approve a settlement of FLSA claims, the court must scrutinize the settlement and determine that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir.

---

[1] 29 U.S.C. § 201 *et seq.*

1982).   In doing so, courts consider various factors, including: (1) the possible existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel.  *See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *see also McHone v. Donald P. Hoekstra Plumbing, Inc.*, No. 10-60322-CIV, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1233 (M.D. Fla. 2010).  In the end, if the settlement reflects a reasonable compromise over FLSA issues that are actually in dispute, the court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

Here, the parties have submitted their Settlement Agreement to the Court for review.  In scrutinizing the Settlement Agreement, the Court has considered the above factors, the overall strengths and weaknesses of the parties' respective positions, and the parties' desire to resolve this case sooner rather than later to avoid the costs and uncertainty of litigation.  The Court has also considered that Plaintiff's claim was disputed as to liability and amount and that both parties were represented by counsel.  Lastly, the Settlement Agreement specifies the portion of settlement amount that is designated for wages, damages, and attorney's fees and costs. Accordingly, the Court finds that the Settlement Agreement is a fair and reasonable resolution of a bona fide FLSA dispute.

In addition, the Court has reviewed "the reasonableness of [Plaintiff's] counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307

Fed. App'x 349, 351 (11th Cir. 2009).  Having done so, the Court finds that the amount of the settlement proceeds attributable to Plaintiff's counsel's legal fees is reasonable.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

(1)     The Joint Motion for Approval of Parties' Settlement Agreement and Dismissal with Prejudice (ECF No. 13) is **GRANTED**, the Parties' Settlement Agreement is **APPROVED**, and this case is **DISMISSED WITH PREJUDICE**.

(2)     The Court retains jurisdiction until March 31, 2016, to enforce the terms of the Settlement Agreement.

(3)     The Clerk of Court is directed to **CLOSE** this case and deny any pending motions as moot.

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Florida on October 26, 2015.

_____

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: All Counsel of Record